Russell Wolf & Company, Inc. v. Commissioner.
Russell Wolf & Co. v. Commissioner
Docket No. 69649.
United States Tax Court
T.C. Memo 1959-126; 1959 Tax Ct. Memo LEXIS 122; 18 T.C.M. (CCH) 560; T.C.M. (RIA) 59126; June 18, 1959
Thomas H. Kingsmill, Jr., Esq., for the petitioner. Towner S. Leeper, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The respondent has determined a deficiency in the petitioner's income tax for 1953 in the amount of $40,366.22. The sole issue presented for our decision is the correctness of the respondent's action in determining *123 the basis to be used in computing the amount of gain realized by petitioner through the involuntary conversion of its boats which were destroyed by a fire in 1953. An additional issue presented by the pleadings has been disposed of by stipulation. All of the facts have been stipulated and are found accordingly. Petitioner is a corporation organized under the laws of the State of Louisiana with its principal place of business located at Harvey, Louisiana. Petitioner's income tax return for 1953 was filed with the director at New Orleans, Louisiana. On June 30, 1948, the petitioner acquired three Y.M.S. boats at a cost of $85,000 each, or a total cost of $255,000. On September 23, 1953, the three Y.M.S. boats acquired on June 30, 1948, were completely destroyed by fire. At the time of their destruction the three boats were insured for a total amount of $150,000 which was paid to the petitioner by the insurer in 1953. Depreciation on the three Y.M.S. boats was claimed by petitioner on its income tax returns (and allowed by the Commissioner) for the years and in the amounts as follows: Year
Amount
1948
$ 42,501
1949
85,000
1950
85,000
1951
42,496
Total
$254,997
*124 The income or loss realized by petitioner for the years 1948 through 1952 was as follows: Year
Profit or loss
1948
$28,953.10
1949
(81,385.56)
1950
(48,660.00)
1951
14,006.51
1952
31,547.99
At the time of the destruction of the three Y.M.S. boats, their adjusted cost as shown on the petitioner's books was $1 each, or a total of $3. Petitioner did not make an election under the provisions of section 113(d) of the Internal Revenue Code of 1939 and the regulations promulgated thereunder for an adjustment to the basis of its property. Petitioner concedes that the amount of the insurance proceeds ($150,000) received by it in 1953, reduced by the correct basis of the boats (increased by related expenses in the amount of $4,381.49), is taxable to it as long-term capital gain. Petitioner, however, takes the position that it should not be required to utilize as a basis for computing the gain realized through the destruction of its boats, the amount determined by the respondent under section 113 of the 1939 Code. The objection advanced by petitioner to the utilization of the respondent's basis figure is that it has only partially recovered its capital investment *125 in the boats and is therefore being taxed on capital as well as on income. The petitioner maintains that the correct basis to be utilized in computing its gain from the involuntary conversion of its boats should be their original cost less the actual tax benefit resulting from the depreciation claimed and allowed. The petitioner contends that since the maximum corporate income tax rate to which it could be subjected is 52 per cent, the total depreciation claimed and allowed in the amount of $254,997, which was deducted by petitioner from its gross income during the years 1948 through 1951, could only result in a tax benefit to it to the extent of 52 per cent of that amount, or $132,598.44. Consequently, the petitioner asserts that the adjusted basis of the vessels destroyed by fire in 1953 should be the difference between the original cost of $255,000 and $132,598.44, or $122,401.56, plus related expenses in the amount of $4,381.49. Section 111(a) of the 1939 Code [1] defines gain from "the sale or other disposition of property" as "the excess of the amount realized therefrom over the adjusted basis provided in section 113(b)." In section 113(b) of the 1939 Code [2] the "adjusted basis *126 for determining gain or loss from the sale or other disposition of property" is stated to be "the basis determined under subsection (a), adjusted * * * for exhaustion, wear and tear, obsolescence, amortization, and depletion." The basis of property as provided under section 113(a) is the cost of the property. *127 In the instant case the cost to petitioner of the three boats lost through destruction has been stipulated to be $255,000. The total amount of depreciation on the boats which was claimed by petitioner on its income tax returns and allowed by the respondent amounted to $254,997. Utilizing the stipulated cost and depreciation figures, it is a routine matter to determine the correct basis under the provisions of the 1939 Code for determining the amount of long-term capital gain realized by petitioner through the involuntary conversion of its boats. The proper basis is simply the cost of the vessels reduced by the depreciation claimed and allowed (and increased by related expenses in the amount of $4,381.49). The petitioner concedes on brief that its position is without statutory or judicial support. As we understand the petitioner's contention, it would have theoretical validity only if its net income were subjected to tax at a rate of 100 per cent. If the basis figure for which the petitioner contends were utilized, this would result to some extent in the allowance of a double deduction for the loss of the same asset, inasmuch as the entire cost of the converted vessels previously *128 has been recovered through annual depreciation deductions. In the event of error in computing the property depreciation, section 113(d) of the 1939 Code permits an adjustment to the basis of property to correct errors in the computation of depreciation for which no tax benefit was received. The petitioner has stipulated that it has not elected to make such an adjustment under section 113(d). We accordingly hold that the proper basis to be utilized by the petitioner in determining the amount of gain realized through the destruction of its boats is the cost of the vessels less the annual depreciation deduction claimed by it and allowed by the respondent. Decision will be entered for the respondent. Footnotes
1. Sec. 111. DETERMINATION OF AMOUNT OF, AND RECOGNITION OF, GAIN OR LOSS. (a) Computation of Gain or Loss. - The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113(b)↩ for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized. 2. SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. * * *
(b) Adjusted Basis. - The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided. (1) General Rule. - Proper adjustment in respect of the property shall in all cases be made - (A) For expenditures, receipts, losses, or other iemes, properly chargeable to capital account, but no such adjustment shall be made for taxes or other carrying charges, or for expenditures described in section 23(bb), for which deductions have been taken by the taxpayer in determining net income for the taxable year or prior taxable years: (B) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent of the amount - (i) allowed as deductions in computing net income under this chapter or prior income tax laws, and (ii) resulting (by reason of the deductions so allowed) in a reduction for any taxable year of the taxpayer's taxes under this chapter (other than subchapter E), subchapter E of chapter 2, or prior income, war-profits, or excess-profits tax laws, but not less than the amount allowable under this chapter or prior income tax laws. Clause (ii) of this subparagraph shall not apply in respect of any period since February 28, 1913, and before January 1, 1952, unless an election has been made under subsection (d). * * *↩